UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BOARD OF TRUSTEES OF )<br>SOUTHERN ILLINOIS UNIVERSITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-4037-JPG |

FILED
FEB - 9 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

## CONSENT DECREE

This action was brought by the United States against the Board of Trustees of Southern Illinois University ("SIU Board") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). Title VII prohibits discrimination in employment on the basis of race, sex, national origin and religion. Pursuant to Section 707 of Title VII, 42 U.S.C. § 2000e-6, the Attorney General has authority to bring suit against a state or local government employer where he has reason to believe that a "pattern or practice" of employment discrimination exists.

In its Complaint, the United States alleges that the SIU Board has maintained and continues to maintain the following paid fellowship programs open only to students who are either of a specified race and/or national origin or who are female:

a. The Proactive Recruitment of Multicultural Professionals for Tomorrow ("PROMPT") fellowship at Southern Illinois University ("SIU") has been and remains open only to members of "traditional underrepresented groups"— namely, African Americans, Latino/Hispanic Americans, Asian Americans and Native Americans ("specified minority groups"). PROMPT fellowship recipients are generally required to commit to working in teaching, research or clinical activities.

b. The Bridge to the Doctorate ("BRIDGE") fellowship at SIU has been and remains open only to members of "underrepresented minority groups"— namely, Hispanics, African Americans, Native Americans, Alaskan Natives and Pacific Islanders ("specified minority groups"). BRIDGE fellowship recipients are generally required to commit to working in teaching or research activities and to not accept any other full-time or part-time employment.

c. The Graduate Dean's ("GRADUATE DEAN'S") fellowship at SIU has been and remains open only to women and "traditionally underrepresented students who have overcome social, cultural, or economic conditions that have adversely affected their educational progress"— namely, African Americans, Hispanic Americans, Asian Americans and Native Americans ("specified minority groups"). GRADUATE DEAN'S fellowship recipients are generally required to commit to working in teaching or research activities during their second year in the program.

-3-

The United States alleges in its Complaint that the policies and practices of the SIU Board, as set forth immediately above, intentionally discriminate against whites on the basis of race, white males on the basis of race and/or sex, and minorities who do not fall within one of the specified minority groups on the basis of race and/or national origin; and that these policies and practices deprive or tend to deprive such persons of employment opportunities and compensation on the basis of race, national origin and/or sex.

The SIU Board admits the allegations of the United States as set forth in subparagraphs a, b and c of the preceding paragraph. However, the SIU Board denies that it has engaged in discrimination in violation of Title VII.

The United States and the SIU Board ("the parties"), desiring that this action be settled by appropriate consent decree and without the burdens of protracted litigation, agree to the jurisdiction of this Court over the parties, as well as the subject matter of this action. The parties waive a hearing and findings of fact and conclusions of law on all issues, and further agree to the entry of this Consent Decree as final and binding between themselves solely as to the issues raised in the Complaint filed by the United States. Accordingly, this Decree shall not foreclose the United States from pursuing an investigation of SIU and/or the SIU Board, and/or pursuing suit against SIU and/or the SIU Board, pertaining to matters at SIU other than the PROMPT, BRIDGE and GRADUATE DEAN'S fellowship programs.

This Consent Decree, being entered with the consent of the parties, shall in no way constitute an adjudication or finding on the merits of the case, nor be construed in any respect to be an admission by the SIU Board, or a finding of any violation of any applicable federal law or regulation, or otherwise be admissible in any legal proceeding other than this action. As used in

-4-

this Decree, the term "date of entry of this Decree" is defined as the date on which the Court grants approval to and enters this Consent Decree.

Accordingly, in resolution of the allegations of the United States as set forth in its Complaint filed in this action, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

### General Injunctive Relief

1.  The SIU Board, by and through its officials, agents, employees, and all persons in active concert or participation with them, shall:

    a.  immediately cease setting aside, reserving or in any way restricting any paid fellowship positions, including those in the PROMPT, BRIDGE and GRADUATE DEAN'S fellowship programs, on the basis of race, national origin or sex;

    b.  hereafter neither establish nor maintain any paid fellowship positions in any fellowship programs that— like those positions in the PROMPT, BRIDGE and GRADUATE DEAN'S fellowship programs —are set aside, reserved or in any way restricted on the basis of race, national origin or sex;

    c.  hereafter consider, hire, employ, compensate and provide terms, conditions and privileges of employment to, persons for any paid fellowship position without discriminating on the basis of race, national origin or sex in violation of Title VII; and

    d.  hereafter not limit recruitment for any paid fellowship positions to members of any particular group or groups on the basis of race, national origin or sex.

2. Within forty-five (45) days from the date of entry of this Consent Decree, the SIU Board, by and through its officials, agents, employees, and all persons in active concert or participation with them, shall:

    a. cease the publication, distribution or other dissemination of any information that states, suggests or infers that any paid fellowship positions are set aside, reserved or in any way restricted on the basis of race, national origin or sex;

    b. insert in a prominent place on SIU's website, include in all written materials bearing upon paid fellowship programs, and/or positions that are publicized, distributed or otherwise disseminated, and post in a prominent public place in the main office of each College and School at SIU, a notice that states: "Southern Illinois University is an equal opportunity employer and will not discriminate against any person on the basis of race, national origin or sex in violation of Title VII";

    c. provide a copy of this Consent Decree to each SIU administrator who has any role in the recruitment, selection, hire or employment of persons for paid fellowship positions, as well as the Admissions Counselors, Chair or head of each Department and School, Directors, Deans, Vice Chancellors, Chancellors, Vice Presidents and President at SIU; and

    d. for a period of not less than six (6) months from the date of entry hereof, post a copy of this Consent Decree in a prominent public place in the main office for recruitment of each College and School at SIU.

-6-

3.  Within one hundred and eighty (180) days from the date of the entry of this Decree, the SIU Board shall provide live mandatory training to all academic recruiters and employees engaged in recruiting activities on behalf of SIU for paid fellowships regarding Title VII's prohibitions against discrimination.

4.  The SIU Board shall not retaliate against or in any respect adversely affect any person because that person has opposed allegedly discriminatory policies or practices or has filed a charge with the Equal Employment Opportunity Commission, or because of that person's participation in or cooperation with the initiation, investigation, litigation or administration of this action or this Consent Decree.

5.  Notwithstanding any other provision hereof, this Consent Decree shall neither be construed, nor operate, to adversely affect the continued employment and participation of any person in any paid fellowship position at SIU as of January 15, 2006.

### Records and Reporting

6.  Within forty-five (45) days from the date of entry of this Consent Decree, the SIU Board shall provide the United States with written confirmation that it has complied with the provisions of Paragraphs 1a and 2, *supra*.

7.  The SIU Board shall retain during the life of this Consent Decree all records necessary to document the implementation of, and its compliance with, this Decree; and such records retention shall comply with the record-keeping requirements of Title VII as set forth in the regulation 29 C.F.R. § 1602.31.

-7-

8.  There shall be two reporting periods per year during the life of this Consent Decree: the first running from January 1 through June 30; and the second running from July 1 through December 31 of each year. Within forty-five (45) days following the last day of each reporting period, the SIU Board shall provide to the United States a detailed report covering the preceding reporting period and containing the following:

   a.  documents that reflect its policies and practices, and all activities that it has engaged in to carry out its policies and practices, regarding the recruitment, selection, hire, employment and compensation of persons for all paid fellowship positions funded by SIU during the reporting period, as well as any modifications to such policies and practices;

   b.  summaries, in machine-readable formats, as to the number of persons, with numerical breakdowns by race, national origin and sex, who during the reporting period, respectively: applied for any paid fellowship positions funded by SIU; and were selected for such positions; and

   c.  a listing, in machine-readable format, of each person in a paid fellowship position funded by SIU at any time during the reporting period, including: such person's name; race, national origin and sex; name of the program providing the fellowship; name of the Department, College or School sponsoring the fellow and/or to which the fellow is assigned; the terms of the person's fellowship (including the monetary package and the duties and activities expected of the person); and the number of years the person has been a fellowship recipient.

-8-

9.      The United States shall have the right to review the compliance by the SIU Board with this Consent Decree at any time during its duration.  To that end, the United States has the right to inspect and copy any documents, excluding those covered by attorney-client privilege in instances where partial redaction would not adequately protect the privilege, of the SIU Board that are relevant and necessary to monitor such compliance, upon forty-five (45) days written notice to it and without further order of this Court.  So also, the SIU Board shall furnish the United States with records, documents and other information relevant to their compliance with this Consent Decree, within forty-five (45) days of any written request for such records, documents or other information and without further order of this Court.

10.     Any documents or information that is required to be provided the United States by the SIU Board by this Consent Decree shall be sent to the following address via a delivery service such as FedEx or United Parcel Service:  Chief, Employment Litigation Section, Civil Rights Division, U.S. Department of Justice, 601 D Street, N.W., Room 4040, Washington, DC  20004.

**Retention of Jurisdiction**

11.     This Court shall retain jurisdiction over this Consent Decree and this action for the purposes of enforcing the Decree's provisions, resolving any disputes that may arise between the parties under the Decree and entering such orders as may be appropriate.  The parties shall attempt to resolve informally any dispute that may arise under this Decree.  If, after sixty (60) days the parties are unable to resolve a dispute, then either party may move the Court for a resolution of the issue.

-8-

9.      The United States shall have the right to review the compliance by the SIU Board with this Consent Decree at any time during its duration.  To that end, the United States has the right to inspect and copy any documents, excluding those covered by attorney-client privilege in instances where partial redaction would not adequately protect the privilege, of the SIU Board that are relevant and necessary to monitor such compliance, upon forty-five (45) days written notice to it and without further order of this Court.  So also, the SIU Board shall furnish the United States with records, documents and other information relevant to their compliance with this Consent Decree, within forty-five (45) days of any written request for such records, documents or other information and without further order of this Court.

10.     Any documents or information that is required to be provided the United States by the SIU Board by this Consent Decree shall be sent to the following address via a delivery service such as FedEx or United Parcel Service:  Chief, Employment Litigation Section, Civil Rights Division, U.S. Department of Justice, 601 D Street, N.W., Room 4040, Washington, DC  20004.

**Retention of Jurisdiction**

11.     This Court shall retain jurisdiction over this Consent Decree and this action for the purposes of enforcing the Decree's provisions, resolving any disputes that may arise between the parties under the Decree and entering such orders as may be appropriate.  The parties shall attempt to resolve informally any dispute that may arise under this Decree.  If, after sixty (60) days the parties are unable to resolve a dispute, then either party may move the Court for a resolution of the issue.

-9-

12.	This Consent Decree shall dissolve, and this action shall be dismissed, at the end of two (2) years from the date of entry of this Decree without any further order of this Court.

## Costs and Expenses

13.	Each party shall bear its own costs and expenses, including attorney's fees.

APPROVED AND ENTERED this ___9th___ day of February 2006.

```
_____
UNITED STATES DISTRICT JUDGE
Southern District of Illinois
```

Agreed and Consented To:

On behalf of the United States of America:

WAN J. KIM
Assistant Attorney General
Civil Rights Division

By: _____

DAVID J. PALMER
Chief
Employment Litigation Section
Civil Rights Division

_____
JOHN M. GADZICHOWSKI
(WI Bar No. 1014294)
Principal Deputy Chief
KRISTOFOR J. HAMMOND
(VA Bar No. 44133)
Trial Attorney
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Patrick Henry Building, Room 4906
Washington, DC 20530
Telephone: (202) 353-3011
Facsimile: (202) 514-1005

_____
EDWARD E. MCNALLY
United States Attorney
LAURA JONES
Assistant United States Attorney
Southern District of Illinois

On behalf of the Southern Illinois University Board of Trustees:

_____
GLENN POSHARD
President
Southern Illinois University

_____
JERRY D. BLAKEMORE
General Counsel
Southern Illinois University

_____
MARK BRITTINGHAM
ASSOCIATE GEN. COUNSEL
SIU
(618) 453-2219
mabritt@siu.edu
Atty for Defts.